UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 12-10227-RGS

UNITED STATES OF AMERICA

v.

ALFONZO S. HUNT

MEMORANDUM AND ORDER ON
DEFENDANT'S EMERGENCY MOTION
FOR MODIFICATION OF SENTENC
AND COMPASSIONATE RELEASE

February 14, 2021

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). However, there is a recently enacted (December 21, 2018) exception. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on a motion by the Director of the Bureau of Prisons (BOP) or by a defendant who has exhausted his prescribed administrative rights, may order a compassionate reduction of sentence: (1) on a finding of "extraordinary and compelling reasons" warranting such a reduction; or (2) on findings that apply to elderly long-term inmates suffering from terminal or self-debilitating illnesses and

who, as a result, are no longer deemed a danger to the safety of any person or the community. Petitioner Alfonzo Hunt, who is 53 years old, and who does not suffer from a terminal or self-debilitating illness, does not fit the eligibility criteria that apply to the second statutory category of inmate described in the statute.

Hunt was sentenced by the court on June 3, 2014, to 135-months imprisonment followed by five years of supervised release after pleading guilty to drug trafficking under the binding provisions of Fed. R. Crim. P.(c)(1)(C). *See* Dkt # 283. As outlined during the plea proceeding and in the Presentence Report, Hunt had played a major role in an ongoing conspiracy to smuggle cocaine from Los Angeles for distribution in the Boston area. In calculating Hunt's sentence, the court found him accountable for the distribution of nearly 40 kilograms of cocaine. Hunt is an experienced drug trafficker, this being his third conviction for drug distribution offenses.

In his motion,[1] Hunt asks that his committed sentence be reduced to

---

[1] Although a second motion for release has been filed by Hunt's attorney with the Warden at FCI Fort Dix, where he is presently confined, an earlier request filed by Hunt *pro se* was denied by the Warden on October 28, 2020. The government does not argue that the statutory exhaustion requirement has not been met. *See* Gov't's Opp'n (Dkt # 383) at 6 n.4.

time served or converted to home confinement because of the threat of infection posed by the COVID-19 virus in a prison setting. Hunt, as documented by his medical records, suffers from high blood pressure, sleep apnea, obesity, and Type 2 diabetes. While these are matters of concern, they are not atypical of a middle-aged male living in sedentary conditions, nor are they of life-threatening gravity. Moreover, Hunt has previously contracted COVID-19 from which he has fortunately recovered with no enduring adverse consequences. The prior infection greatly reduces, although it may not eliminate, the prospect of his being reinfected (a matter of medical debate). The gravamen of Hunt's complaint is that prisons, including FCI Fort Dix, like other congregate settings, are prone to outbreaks of COVID-19, and that as an inmate he runs an elevated risk of an infection living in close quarters with other inmates. While his concerns are understandable, they are not "extraordinary and compelling."

I also agree with the government that Hunt's release would present an untenable risk to the safety of the community. Hunt is a life-long repeat offender who while serving his current sentence has incurred several disciplinary infractions, including the unlawful possession of narcotics. While it is true, as Hunt states in his attorney's supporting memorandum, that as defendants age they are less likely to reoffend. But given Hunt's

3

criminal history, I think it more likely than not that he would fall among the 25% of male offenders aged 51-60 who do recidivate.  *See* Def.'s Supp. Mot. (Dkt # 382) at 5-6.[2]

While I am as concerned as any judge with the impact of COVID-19 on the prison population, unless society is to make the decision that all prisoners should be released because of the pandemic, there must be a means of differentiating those eligible for release from those who are not.  In setting the conditions that justify compassionate release, Congress made its best effort to provide judges with the tools they need to make these difficult and, at times, heart-wrenching decisions.[3]  Hunt does not meet any of

---

[2] Hunt's principal argument for release is the claim that he will have access to better medical care living in the community.  It is not clear that is true.  As the government notes, the BOP has taken aggressive measures, including inmate vaccinations, to curb the spread of COVID-19 in its facilities.  *See* Gov't's Opp'n (Dkt # 383) at 8-10.  Hunt's release plan, on the other hand, contemplates his living with relatives in Brockton, Massachusetts, which is one of the communities in the Commonwealth worst stricken by COVID-19.  *See* https://www.mass.gov/doc/weekly-covid-19-public-health-report-february-11-2021/download (visited February 14, 2021).

[3] Congress, in addition to the quantitative criteria set out in § 3582(c)(1)(A)(ii), directs courts to those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(2).  As I have previously noted, I think the late Chief Justice Ralph Gants of the Massachusetts Supreme Judicial Court summarized the considerations admirably in reminding us that "in conducting . . . *de novo* review [of a detention decision], a judge must give

4

mandated eligibility criteria and, therefore, is not a candidate for compassionate release.

Because I can foresee no circumstances under which Hunt could be deemed eligible at present for compassionate release, I see no reason for a hearing on the matter.

ORDER

For the foregoing reasons, the Emergency Motion for Compassionate Release is DENIED.

SO ORDERED.

/s/ Richard G Stearns
UNITED STATES DISTRICT JUDGE

---

careful consideration not only to the risks posed by releasing the defendant – flight, danger to others or to the community, and likelihood of further criminal acts – but also, during this pandemic, to the risk that the defendant might die or become seriously ill if kept in custody." *Christie v. Commonwealth*, 484 Mass. 397, 398 (2020). The Chief Justice's admonition is equally pertinent in weighing the balancing factors that underlie a motion for compassionate release. Here, I believe that it is the community that bears the greater risk should Hunt be prematurely released.